IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JONG HAK LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:14cv0965 (LMB/JFA) |
| v. | ) |
| | ) |
| CHRISTOPHER SO, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff Jong Hak Lee's ("Lee" or "plaintiff") motion for default judgment (Docket no. 9) against defendants Christopher So and NVW, Inc. ("defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### **Procedural Background**

On July 29, 2014, plaintiff filed his complaint alleging that during his employment by defendants, he performed work for which no compensation was paid at the overtime rate and he performed work for which he was not compensated at the applicable minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Docket no. 1) ("Compl."). The complaint also asserts a claim for breach of contract with respect to an employment agreement. (*Id.*). In the complaint, plaintiff sought unpaid minimum and overtime wages, liquidated damages in an amount equal to twice the amount of unpaid minimum and overtime wages, pre- and post-judgment interest, and attorney's fees and costs. (*Id.*).

On July 29, 2014, a summons was issued for service on Christopher So and NVW, Inc. ("NVW"). (Docket no. 2). On September 2, 2014, the summons and complaint were served on Christopher So, personally and as owner and registered agent of NVW. (Docket nos. 4, 5). Accordingly, service of process was properly made on both defendants. *See* Fed. R. Civ. P. 4(h) (providing that a domestic corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on September 23, 2014, 21-days after the effective date of service. Neither NVW nor Christopher So has filed a responsive pleading and the time for doing so has expired.

On September 29, 2014, plaintiff filed an application for entry of default judgment against the defendants (Docket no. 6) and an accompanying declaration from Joshua Erlich in support of the request for entry of default (Docket no. 6-1). The Clerk of Court entered default against the defendants on October 2, 2014. That same day, the District Judge entered an Order directing plaintiff to file a motion for default judgment and to set a hearing on the motion for default judgment for Friday, November 7, 2014, or in the event of a conflict, then on the date obtained from the chambers of the magistrate judge. (Docket no. 8).

On October 31, 2014, plaintiff filed this motion for default judgment against Christopher So and NVW (Docket no. 9) along with a memorandum in support (Docket no. 10), a declaration from Jong Hak Lee (Docket no. 10-1) ("Lee Decl."), a declaration from Joshua Erlich (Docket no. 10-3) ("Erlich Decl."), and a notice setting a hearing on the motion for November 21, 2014 (Docket no. 11). Defendants were served copies of the motion for default judgment, memorandum in support, and notice of hearing by first-class mail on October 31, 2014. (Docket

nos. 9–11). On November 21, 2014, counsel of the plaintiff appeared before the undersigned and no one appeared on behalf of the defendants.

Prior to the hearing, the court determined that there were conflicting representations with regard to the number of regular hours, overtime hours, and total hours worked. During the hearing, the court asked counsel to explain the inconsistencies between plaintiff's complaint (Docket no. 1), plaintiff's affidavit (Docket no. 10-1), and the NVW timesheets (Docket no. 10-2). Plaintiff's counsel represented that the hours set forth in plaintiff's complaint accurately represented the number of hours worked and agreed to provide a supplemental affidavit that would resolve the inconsistencies. Plaintiff's counsel filed the supplemental affidavit on December 5, 2014. (Docket no. 13) ("Supp. Aff."). For purposes of these proposed findings of fact and recommendations, the court treats the supplemental affidavit as superseding any representations made in plaintiff's original affidavit. Furthermore, although the court relies on the complaint in setting forth the underlying facts, it notes that contrary to the representations made by counsel at the hearing on November 21, 2014, there continue to be inconsistencies between the complaint and supplemental affidavit concerning the number of hours worked.

## Factual Background

The following facts are established by the complaint (Docket no. 1), the memorandum in support of the motion for default judgment (Docket no. 10), and the supplementary affidavit (Docket no. 13).

Plaintiff Lee is an adult resident of Virginia. (Compl. ¶ 1). Defendant Christopher So is the owner of NVW a corporation organized and existing under the laws of Virginia with its principal place of business in Annandale, Virginia. (Compl. ¶¶ 2–3). At all times relevant to this action, NVW was plaintiff's employer within the meaning of the FLSA and was engaged in

3

interstate commerce or in the production of goods for interstate commerce as defined by the FLSA. (Compl. ¶¶ 5, 68). Plaintiff began working for the defendants at a Verizon Wireless retailer franchise known as "Wireless Zone of Annandale" on June 8, 2013. (Compl. ¶ 9; Docket no. 10 at 6). As the owner and operator of NVW, Christopher So managed the store's employees and was responsible for decisions regarding payroll policies. (Compl. ¶ 4; Supp. Aff. ¶ 11). According to the plaintiff, defendants violated the FLSA by paying plaintiff at an effective hourly rate of less than the federal minimum wage (Compl. ¶ 51) and by failing to pay plaintiff at the mandatory overtime rate of one-and-one-half times (1.5) his regular rate of pay for each work week in excess of forty (40) hours. (Compl. ¶ 53).

Plaintiff worked for the defendants from June 2013 to October 2013, for approximately 18 weeks. (Compl. ¶¶ 9, 15; Supp. Aff. ¶ 7). Plaintiff's responsibilities included opening/closing the store, assisting customers, and selling products and services offered by NVW. (Docket no. 10 at 6; Supp. Aff. ¶ 10). Plaintiff claims that he frequently worked between 55 and 65 hours per week at the store. (Supp. Aff. ¶ 9). During certain weeks, plaintiff alleges that defendants failed to pay plaintiff any wages for the work performed. (Compl. ¶¶ 24, 27, 32, 35, 38, 41, 44). With respect to overtime, defendants either neglected payment entirely or failed to tender payment at the mandatory 1.5 times the federal minimum wage for those hours. (Compl. ¶¶ 18, 20, 22, 25, 30, 33, 36, 39, 42, 53). Plaintiff claims that Christopher So chose to withhold wages based on a mistaken belief that employees were stealing inventory. (*Id.* at 47–50).

Plaintiff also alleges that he entered into an employment agreement with the defendants, whereby defendants agreed to increase plaintiff's hourly wage on two occasions. (Compl. ¶¶ 11–13, 78–79; Supp. Aff. ¶ 4). In addition to violations of the FLSA, plaintiff claims that the

4

defendants breached this agreement, by failing to pay plaintiff the agreed upon wages. (Compl. ¶¶ 76–82). Plaintiff claims he has suffered damages as a result of defendants' willful failure to properly compensate him in accordance with the FLSA, recalculated as follows:

**Pay Period A:** Plaintiff worked a total of 94.89 hours (80 regular; 14.89 overtime). Plaintiff received payment in the amount of $426.95. Plaintiff is owed $315.05.

**Pay Period B:** Plaintiff worked a total of 104.05 hours (80 regular; 24.05 overtime). Plaintiff received payment in the amount of $562.24. Plaintiff is owed $279.42.

**Pay Period C:** Plaintiff worked a total of 101.32 hours (80 regular; 21.32 overtime). Plaintiff received payment in the amount of $0. Plaintiff is owed $811.96.

**Pay Period D:** Plaintiff worked a total of 94.32 hours (79.11 regular; 15.21 overtime). Plaintiff received payment in the amount of $0. Plaintiff is owed $739.03.

**Pay Period E:** Plaintiff worked a total of 75.26 hours (75.26 regular; 0 overtime). Plaintiff received payment in the amount of $536.50. Plaintiff is owed $9.14.

**Pay Period F:** Plaintiff worked a total of 97.05 hours (80 regular; 17.05 overtime). Plaintiff received payment in the amount of $0. Plaintiff is owed $765.50.

**Pay Period G:** Plaintiff worked a total of 127.22 hours (80 regular; 47.22 overtime). Plaintiff received payment in the amount of $0. Plaintiff is owed $1,093.75.

**Pay Period H:** Plaintiff worked a total of 136.83 hours (80 regular; 56.83 overtime). Plaintiff received payment in the amount of $0. Plaintiff is owed $1,198.31.

**Pay Period I:** Plaintiff worked a total of 131.74 hours (80 regular; 51.74 overtime). Plaintiff received payment in the amount of $0. Plaintiff is owed $1,142.93.

**Pay Period K:** Plaintiff worked a total of 135.98 hours (80 regular; 55.98 overtime). Plaintiff received payment in the amount of $0. Plaintiff is owed $1,189.06.[1]

Plaintiff alleges that the defendants' violations of the FLSA were willful, and therefore, plaintiff is entitled to liquidated damages in an amount equal to twice the amount of unpaid minimum and overtimes wages. Plaintiff also claims damages arising from the breached wage increase agreements. (Docket no. 10 at 8–10).

---

[1] Plaintiff does not reference a "Pay Period J" in the complaint or in the supplemental affidavit. This appears to be a typographical oversight, rather than an omission of one pay period.

5

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on defendants' failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as both Christopher So and NVW. (Docket no. 7).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff states that this court has subject matter jurisdiction over his FLSA claim pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).[2] (Compl. ¶ 6). Plaintiff also states that this court has subject matter jurisdiction over his state law claim for breach of contract under 28 U.S.C. § 1367, because it is so related to plaintiff's FLSA claim that it forms part of the same case or controversy. (Compl. ¶ 6; Docket no. 10 at 2).

---

[2] As discussed below, the only jurisdictional basis for this case being in federal court is the FLSA claim. Assuming plaintiff states a viable claim under the FLSA, jurisdiction is proper.

The FLSA provides that any action to recover unpaid minimum or overtime wages, and for liquidated damages, may be maintained "in any federal or state court of competent jurisdiction." 28 U.S.C. § 216(b). In turn, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Finally, 28 U.S.C. § 1337 provides that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." Since this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Furthermore, given that plaintiff's state law claim arises from the same set of operative facts, and forms part of the same case or controversy, this court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367.

This court also has personal jurisdiction over the defendants. As noted in the complaint, defendant NVW is a corporation organized and existing under the laws of Virginia with its principal place of business in Annandale, Virginia. (Compl. ¶ 3). While a discussion of defendant Christopher So's domicile is absent from the complaint, plaintiff states in the memorandum in support of plaintiff's motion for default judgment: "Defendant So is domiciled and owns a business in the Commonwealth [of Virginia]." (Docket no. 10 at 3). Venue is also proper in this court pursuant to 28 U.S.C. § 1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district. (Compl. ¶ 6).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over the defendants, and that venue is proper in this court.

## Service

Under Fed. R. Civ. P. 4(e)(1), an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and pursuant to Fed. R. Civ. P. 4(h), a corporation may be served in a judicial district of the United States (A) in the manner prescribed in Rule 4(e)(1) for serving an individual or (B) by delivering a copy of the summons and complaint to an officer, managing, or general agent, or any other agent authorized by law to receive service of process.

On July 29, 2014, two summonses were issued for service on Christopher So and NVW. (Docket no. 2). On September 3, 2014, plaintiff submitted two affidavits signed by Mark Simons, stating that Christopher So was served in his personal capacity and as the owner of NVW by personal service on September 2, 2014. (Docket nos. 4, 5). Accordingly, the undersigned magistrate judge recommends a finding that the defendants were served properly with the summons and complaint.

## Grounds for Entry of Default

In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on September 23, 2014; 21 days after the defendants were served with the summons and complaint. No responsive pleadings were filed by either defendant and the time for doing so has expired. On September 29, 2014, plaintiff filed a request for entry of default along with a supporting affidavit. (Docket no. 6). The Clerk of Court entered default against the defendants pursuant to Fed. R. Civ. P. 55(a) on October 2, 2014. (Docket no. 7).

On October 2, 2014, the District Judge entered an Order directing plaintiff to file a motion for default judgment and an accompanying memorandum and to set a hearing on the

motion for default judgment for November 7, 2014, or in event of a conflict, then on the date obtained from the chambers of the magistrate judge. (Docket no. 8). On October 31, 2014, plaintiff filed a motion for default judgment (Docket no. 9), a memorandum in support (Docket no. 10), declarations from Jong Hak Lee and Joshua Erlich (Docket nos. 10-1, 10-3), and a notice of hearing for November 21, 2014 at 10:00 a.m. (Docket no. 11). According to the certificates of service, this motion and the materials in support were served on the defendants by U.S. mail on the same day.

For these reasons, the undersigned magistrate judge recommends a finding that the defendants were served properly, that the defendants failed to file a responsive pleading in a timely manner, and that the Clerk of Court has properly entered a default as to each defendant.

## Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendants failed to file a responsive pleading and are in default, they admit the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, defendants allegedly violated certain provisions of the FLSA and breached an employment agreement. (Compl. ¶¶ 66–75, 76–82). Plaintiff claims the defendants were required by the FLSA to compensate each employee based on the federal minimum wage for each hour worked. *See* 29 U.S.C. § 206(a). Additionally, for each hour worked in excess of forty (40) hours per week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1.5) times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a). As set forth in plaintiff's memorandum in support, plaintiff seeks a judgment in the amount of $20,987.50. (Docket no. 10 at 10). The supplemental affidavit amends this total,

praying that the court award plaintiff judgment in the amount of $2,976.22 for breach of contract and an additional $23,067.89 for actual and liquidated damages under the FLSA. (Supp. Aff. at 15).

**Count I: Violation of the Minimum Wage and Overtime Provisions of the FLSA**

To establish a violation of the FLSA for non-payment of minimum wage under 29 U.S.C. § 206, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff was not compensated for all hours worked during each work week at a rate equal to or greater than the applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 206. To establish a violation of the FLSA for non-payment of overtime hours, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff worked over forty hours per work week; (4) the plaintiff was not compensated at a rate of 1.5 times her regular rate for each hour worked in excess of forty hours for each work week; and (5) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 207.

The facts set forth in the complaint and supplemental affidavit establish that plaintiff was employed by the defendants from June 2013 to October 2013. (Compl. ¶¶ 9, 15; Supp. Aff. ¶¶ 2, 7). Plaintiff was engaged in commerce in that he worked at the defendants' store in Annandale, Virginia, sold products that moved in interstate commerce, and sold products for a company that regularly engaged in interstate commerce, within the meaning of 29 U.S.C. § 207(a)(1). (Compl. ¶¶ 8, 68).

Plaintiff alleges he was not paid the $7.25 per hour federally mandated minimum wage under 29 U.S.C. § 206(a)(1)(C) nor was plaintiff paid the applicable increased rate for hours worked each week in excess of forty. (Compl. ¶¶ 51, 53, 70). Rather, plaintiff alleges he was either compensated at a rate that did not equal or exceed the federal mandated minimum wage or received no compensation for the work performed. (Supp. Aff. ¶¶ 8, 12). Specifically, plaintiff alleges that defendants failed to tender any amount of compensation to plaintiff during seven out of the ten two-week pay periods during plaintiff's employment. (Compl. ¶ 73). Plaintiff's supplemental affidavit and accompany exhibits reflect a total of 1098.66 hours worked over the course of 18 weeks, for which plaintiff asserts he should have been paid $11,533.95. Based on the court's review, both the calculations and totals set forth in the supplemental affidavit are incorrect.[3] It appears that plaintiff should have been paid $7,544.17 for 794.37 hours of regular time and 304.29 hours of overtime ($9,069.86 if plaintiff had been paid at FLSA rates, less the $1,525.69 actually paid = $7,544.17). (*See* Supp. Aff.). No evidence has been produced to show that any of the exceptions listed in 29 U.S.C. § 206 apply to plaintiff and he appears to be a covered employee entitled to payment of minimum wage. See *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exception.").

The federal minimum wage is $7.25 per hour. Therefore, for each regular business hour plaintiff worked, he was to be paid at a rate of at least $7.25/hour. The FLSA also requires employers to compensate covered employees at an overtime rate of one-and-one-half times the

---

[3] The most significant error affecting the damages calculation stems from plaintiff's failure to deduct the number of overtime hours worked from the total number of hours worked in each pay period. In order to accurately calculate the amount owed to him under the FLSA, plaintiff should have first taken the number of regular hours worked per week (e.g., 40) and multiplied those hours by $7.25 and then multiplied the remaining overtime hours by $10.88. Instead, plaintiff multiplied the total number of hours each week by $7.25 and proceeded calculate the amount owed for the number of overtime hours worked in that same week.

11

employee's normal rate of pay for those hours worked in excess of forty hours per week. As set forth in plaintiff's supplemental affidavit, at these hourly rates, it appears plaintiff is entitled to $9,069.86 [(794.37 regular hours x $7.25) + (304.29 overtime hours x $10.88)], less the $1,525.69 actually paid, for a total of $7,544.17

Accordingly, the undersigned recommends that a default judgment be entered in favor of plaintiff on Count I in the amount of **$7,544.17** in unpaid regular and overtime wages under the FLSA.

**Liquidated Damages**

In FLSA cases, employees routinely are awarded an amount of liquidated damages equal to unpaid wages. *See* 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. 1985). An employer may attempt to show that the violation of the FLSA was in good faith in an effort to avoid payment of the liquidated amount. In this case, the employer has failed to appear and present any defense to plaintiff's claim of a willful violation of the FLSA. (Compl. ¶¶ 56–65). Accordingly, an award of liquidated damages equal to the unpaid wages is appropriate.

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff against the defendants, in the amount of **$15,088.34** (consisting of $7,544.17 in unpaid regular and overtime wages + $7,544.17 in liquidated damages owed under the FLSA).

**Count II: Breach of Employment Agreement**

In order to prevail on his claim for breach of the alleged wage increase contracts under Virginia law, plaintiff must show: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to

12

the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (2004)). A legally enforceable obligation is shown by establishing an offer, acceptance, and valuable consideration. *See, e.g., Montagna v. Holiday Inns, Inc.*, 269 S.E.2d 838, 845 (Va. 1980).

Plaintiff has established a claim for breach of contract under Virginia law. In his complaint, plaintiff alleges that when he first began his employment with the defendants in June 2013, the defendants agreed to pay plaintiff eight dollars per hour. (Compl. ¶10). Plaintiff alleges that defendants were in breach starting with the first pay period, for which plaintiff was paid less than the contracted wages. (Compl. ¶ 81). Thereafter, plaintiff alleges that defendants agreed to increase plaintiff's wage on two occasions: on August 1, 2013 ($9/hour) and September 1, 2013 ($12/hour). (Compl. ¶¶ 12, 13). Intending to be bound by the terms of these agreements, plaintiff performed worked for the defendants at their retail store in Annandale, Virginia. (Supp. Aff. ¶ 6). Defendants are obligated to pay plaintiff in exchange for the 1098.66 hours of service he provided from June 2013 to October 2013 and this obligation is legally enforceable. Plaintiff alleges that the defendants breached this obligation by failing to compensate plaintiff for the work performed at the agreed upon rates in the amount of $2,976.72. (Supp. Aff. at 15). In fact, it appears plaintiff should have been compensated in the total amount of $11,212.21 [($8) x (319.11) + ($12) x (75.47)] + [($9) x (155.26) + ($13.5) x (17.05)] + [($12) x ($320) + ($18) x (211.77)] – [less the amount already paid $1,525.69]. Plaintiff has alleged an injury as a result of the defendants' breach of these wage contracts.

For these reasons, plaintiff appears to have established a claim for breach of contract under Virginia law. The next question, however, is whether plaintiff can be simultaneously entitled to an FLSA wages recovery and the full amount of damages alleged under the breach of

13

contract claim. It is well settled that a party may not recover twice for one injury. *See, e.g., Gen. Tel Co. of the Nw., Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 316, 333 (1980) ("[T]he courts can and should preclude double recovery by an individual."). Accordingly, plaintiff may only recover those amounts that exceed the $7,544.17 amount awarded under the FLSA claim.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiff on Count II in the amount of **$3,668.04**, comprised of plaintiff's contractual damages ($11,212.21) less plaintiff's unpaid wages under the FLSA ($7,544.17).

**Attorney's Fees and Costs**

The FLSA provides for the mandatory award of attorney's fees and costs of an action. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In support of his request for $5,690 in attorney's fees, plaintiff submitted the declaration of Joshua Erlich (Docket no. 10-3) along with an accompanying time sheet (Docket no. 10-4).

Plaintiff contends that he is entitled to reasonable attorney's fees and costs under the FLSA. *See* 29 U.S.C. § 216(b). According to the exhibit accompanying Mr. Erlich's declaration, the total amount of attorney's fees incurred was $5,690. This is comprised of 12 hours of attorney time at $400 per hour for Mr. Erlich and $300 per hour for Mr. Owen. (Docket no. 10-3). Fees also include 11 hours of paralegal/intern time at $90 per hour. (*Id.*).

The undersigned has reviewed the memorandum in support of plaintiff's motion for default judgment, the affidavit of Mr. Erlich, and the accompanying exhibit, and recommends a

finding that the $5,690.00 amount request in attorney's fees is reasonable.[4] Additionally, although the plaintiff submitted an exhibit that details the number of hours spent on various aspects of the case along with the amounts charged, this exhibit fails to itemize the costs associated with this lawsuit. The only attempt to itemize the costs incurred occurs in the memorandum in support of plaintiff's motion for default judgment: "Plaintiff's counsel have incurred $475 in expenses in order to litigate this case on behalf of Plaintiff. The expenses incurred in this action are reasonable and are for compensable expenses including filing fees and costs of service." (Docket no. 10 at 15). Because no information was submitted by the plaintiff to support or establish the amount of costs, but taking notice of the $400.00 filing fee (Docket no. 1), the undersigned is unable to make a recommendation as to the costs that should be awarded at this time other than the $400.00 filing fee.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Jong Hak Lee and against defendants Christopher So and NVW, Inc. in the amount of **$24,846.38** ($7,544.17 in unpaid wages + $7,544.17 in liquidated damages + $3,668.04 in contract damages + $5,690.00 in attorney's fees + $400.00 filing fee).

## Notice

By means of the court's electronic filing system, and by mailing a copy of this proposed findings of fact and recommendations to defendant Christopher So, 4327 Ravensworth Road, Apt. 524, Annandale, VA 22003, and to defendant NVW, Inc., c/o Christopher So, Registered

---

[4] These submissions do not comply fully with the standards set forth in in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. Under those cases, the relevant inquiry is whether the fees charged are comparable with the prevailing market rates of other local lawyers familiar both with the skills of the fee applicants and the type of work in the relevant community; here, Northern Virginia. *Plyler*, 902 F.2d at 278. However, since defendants have not contested the requested amount of fees in this case, the court will accept the allegations set forth by plaintiff concerning the reasonableness of these fees as true. The total amount of the fees requested is consistent with fees incurred in similar cases and awarded by this court.

Agent, 7301 Little River Turnpike Annandale, VA 22003, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 11th day of December, 2014.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

/s/
John F. Anderson
United States Magistrate Judge